# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

| | | |
|---|---|---|
| **THOMAS M. WHITE, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Civil Action No. 3:22-00552** |
| | ) | |
| **DONALD F. AMES,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) Petitioner's Motion for Stay and Abeyance (Document No. 13), filed on October 27, 2023; (2) Respondent's "Motion to Dismiss and for Summary Judgment" (Document No. 27), filed on January 29, 2024; and (3) Petitioner's "Renewed Motion for Stay and Abeyance" (Document No. 32), filed on February 7, 2024. By Standing Order, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court grant Petitioner's Motion for Stay and Abeyance (Document No. 13) and "Renewed Motion for Stay and Abeyance" (Document No. 32) and deny as moot Respondent's "Motion to Dismiss and for Summary Judgment" (Document No. 27).

## PROCEDURE AND FACTS

1.    **Case No. 13-F-5:**

On January 16, 2013, the Grand Jury of Cabell County, West Virginia, returned an eleven count Indictment against Petitioner and his co-defendants. (Document No. 27-1.) Specifically,

Petitioner was charged with two counts of first degree felony murder (Counts 9 and 10). (Id.) On April 22, 2014, following a six day jury trial, Petitioner was convicted as to both counts of first degree felony murder. (Document No. 27-8.) By a "Final Amended Order of Commitment" dated August 14, 2014, the Circuit Court sentenced Petitioner to consecutive life sentences, with mercy. (Document Nos. 27-12 and 27-32.)

On September 15, 2014, Petitioner, by counsel, Timothy P. Rosinsky, filed his Notice of Appeal with the Supreme Court of Appeals of West Virginia ("SCAWV"). (Document No. 27-32.) Petitioner asserted the following assignments of error: (1) The trial court erred in admitting Rule 404(b) evidence because that evidence was not admitted for a proper purpose; (2) The trial court erred with regard to the balancing test required under Rule 403 of the West Virginia Rules of Evidence; (3) "The improper inclusion of Rule 404(b) evidence was not harmless error, but rather, outcome determinative, considering the fact that the jury asked the trial court specifically about the 404(b) evidence while deliberating and returned a 'guilty' verdict only minutes later;" and (4) "The trial court's failure to give the jury a limiting instruction immediately after the 404(b) evidence was introduced constitutes reversible error, notwithstanding the fact that it gave the jury a limiting instruction later during the jury instruction phase of the trial." (Document No. 27-10.) On June 9, 2015, the State filed his Response Brief. (Document No. 27-11.) By a Memorandum Decision filed on November 20, 2015, the SCAWV affirmed Petitioner's convictions. (Document No. 27-12.) Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

## 2.    **First State *Habeas* Petition**:

On May 5, 2016, Petitioner, acting *pro se*, filed in the Circuit Court of Cabell County a Petition for Writ of *Habeas Corpus* and Motion for Appointment of Counsel. (Document Nos.

27-13 and 27-33.); <u>White v. Ballard</u>, Case No. 16-C-322 (Cir. Ct. Cabell Co.). By Order entered on May 12, 2016, the Circuit Court appointed James Robert Mills as *habeas* counsel. (Document No. 27-33.) Following the granting of an extension of time, Petitioner, by counsel, filed Petitioner's Amended Petition on September 30, 2016. (<u>Id.</u>) As grounds for relief, Petitioner asserted as follows:

1.    Petitioner's constitutional rights were violated by ineffective assistance of his state-appointed trial counsel.

    A.    Trial counsel failed to conduct independent investigation into several key facts of this case, which severely limited the Petitioner at trial, forcing him to acquiesce in the State's version of the facts.

    B.    Trial counsel was ineffective in failing to request a limiting instruction regarding the text messages presented at trial.

    C.    Trial counsel was ineffective because he did not challenge the admission of the text messages as the fruit of an illegal search and seizure.

    D.    Trial counsel failed to object or take any measure to prevent the jury from hearing purely speculative theories put forth by Detective Chris Sperry, which were not in the evidence of the case.

    E.    Trial counsel failed to object, move to strike, or ask for limiting instruction regarding Detective Sperry's testimony suggesting that the Petitioner had been involved in or connected to other similar crimes.

    F.    Trial counsel did not inform Petitioner that he would be required to serve at least ten years before being eligible for parole if he had pled guilty to Second Degree Murder, and that this would have affected his decision on the State's plea offer.

2.    Petitioner received an unconstitutionally disproportionate and excessive sentence, especially when compared to the sentence of Rocky Williams.

3.    Petitioner's constitutional rights were violated when the State conducted an illegal and warrantless search of the contents of cell phones found at the residence.

4.      Petitioner's constitutional rights were violated by the cumulative effect of multiple trial errors.

5.      Petitioner's constitutional rights were violated by ineffective assistance of his state-appointed appellate counsel, who failed to raise numerous grounds on direct appeal.

      A.      Appellate counsel failed to appeal the State's warrantless search of the Petitioner's cell phone or challenge the introduction of the text messages on constitutional grounds.

      B.      Appellate counsel failed to appeal the introduction of the Petitioner's tattoos as improper 404(b) evidence.

      C.      Appellate counsel failed to appeal the constitutional error presented by the cumulative effect of multiple trial error.

On June 15, 2017, the State filed its Response in Opposition. (Document No. 27-15.) On August 16, 2017, Petitioner filed his *pro se* Reply. (Document No. 27-33.) Subsequently, Mr. Mills filed a Motion for Leave to Withdraw as Counsel. (Id.) On October 27, 2017, Circuit Court relieved Mr. Mills as counsel and appointed Steven M. Wright as *habeas* counsel. (Id. and Document No. 27-17, p. 1.)  The Circuit Court held an omnibus hearing on August 2, 2018, hearing testimony from the following:  (1) Kerry Nessel, Petitioner's trial counsel; (2) Tim Rosinsky, Petitioner's trial counsel; and (3) Petitioner. (Document No. 27-16.) On September 18, 2018, the Circuit Court entered an "Order Denying Petition for Habeas Corpus Relief." (Document No. 27-17.)

Petitioner, by counsel, Mr. Wright, filed a Notice of Appeal from the Circuit Court's Order denying *habeas* relief. (Document No. 27-18.) In his appeal, Petitioner argued that the Circuit Court erred in denying relief based upon the following: (1) "Ground I of the Petition for Writ of Habeas Corpus, Ineffective Assistance of Counsel for Failure to Conduct an Independent Examination;" (2) "Ground IV of the Petition for Writ of Habeas Corpus, Ineffective Assistance of Counsel for Failure to Object or Take Any Measure to Prevent the Jury from Hearing Purely

Speculative Theories Put Forth by Detective Chris Sperry;" (3) "Ground VI of the Petition for Writ of Habeas Corpus, the Unconstitutionally Disproportionate and Excessive Sentence of the Petitioner;" (4) "Ground VII of the Petition for Writ of Habeas Corpus, the Cumulative Effect of Multiple Trial Errors;" and (5) "Ground VIII of the Petition for Writ of Habeas Corpus, Ineffective Assistance of Appellate Counsel for Failure to Fully Argue Issues Regarding Rule 404(b) Evidence." (Id.) On March 4, 2019, the State filed its Response Brief. (Document No. 27-19.) By Memorandum Decision filed on February 3, 2020, the SCAWV affirmed the Circuit Court's decision denying *habeas* relief. (Document No. 27-20.)

**3.      Second State *Habeas* (Case No. 19-C-410):**

On September 12, 2019, Petitioner, acting *pro se*, filed his second Petition for Writ of *Habeas Corpus* in the Circuit Court of Cabell County. (Document No. 27-21.); White v. Ames, Case No. 19-C-410 (Cir. Ct. Cabell Co.). By Order filed on October 2, 2019, Jason Goad was appointed as *habeas* counsel. (Document No. 27-25.) By Order filed on December 2, 2019, Mr. Goad was relieved as counsel and Juston Moore was appointed as *habeas* counsel. (Id.) On September 2, 2020, Petitioner, by counsel, filed an Amended Petition asserting the following:

> 1.      Petitioner's previous habeas corpus counsel rendered ineffective assistance of counsel in the previous proceeding in the following manners:
>
> > A.      Counsel openly admitted he would not be able to provide objective representation of Mr. White; and
> >
> > B.      Counsel failed to submit arguments insisted upon by Petitioner and also to adequately cross-examine trial/appellate counsel with regard to the nature of text messages admitted into evidence at trial.

(Document No. 27-22.) On December 14, 2020, Petitioner, by counsel, filed his "Supplemental Memorandum of Law in Support of his Petition for a Second and Successive Writ of Habeas

Corpus Ad Subjiciendum Under W. Va. Code § 53-4A-1." (Document No. 27-23.) On January 4, 2021, the State filed its Response in Opposition. (Document No. 27-34.) The Circuit Court held an omnibus hearing on March 2, 2021, hearing testimony from Steven Wright, prior *habeas* counsel. (Document No. 27-24.) The Circuit Court entered an "Order Denying Petition for Habeas Corpus Relief" on April 20, 2021. (Document No. 27-25.)

On May 18, 2021, Petitioner filed his Notice of Appeal. (Document No. 27-34.) In his appeal, Petitioner, by counsel, argued that "the underlying court abused its discretion when it denied Mr. White's Petition for Writ of Habeas Corpus." (Document No. 27-26.) On November 5, 2021, Petitioner filed his "*Pro Se* Supplemental Brief." (Document No. 27-27.) The State filed its Brief on October 4, 2021, and "Brief in Response to Petitioner's Pro Se Supplement Brief" on November 19, 2021. (Document Nos. 27-28 and 27-29.) On December 6, 2021, Petitioner filed his *Pro Se* Reply Brief. (Document No. 27-30.)  By Memorandum Decision filed on August 30, 2022, the SCAWV affirmed the Circuit Court's decision denying *habeas* relief. (Document No. 27-31.)

4.      **Section 2254 Petition:**

On December 5, 2022, Petitioner, acting *pro se*,[1] filed an Application to Proceed Without Prepayment of Fees and Costs and a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody. (Document Nos. 1 and 2.) As grounds for relief, Petitioner asserts the following:

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

1.     Petitioner's constitutional right to a fair trial was violated when the State seized, used, and admitted as evidence before the jury text messages obtained through an illegal and warrantless search.

2.     Petitioner's constitutional right to a fair trial was violated when the trial court failed to properly determine whether the 404(b) evidence was more probative than prejudicial.

3.     Petitioner's rights under the United States Constitution were violated when the sentence imposed by the trial court was disproportionate to that of his more culpable co-defendant.

4.     Petitioner's due process rights under the Sixth Amendment to the United States Constitution were violated when his attorney provided ineffective assistance of counsel.

    A.     Trial counsel failed to retain an expert to conduct an independent analysis of the bullet removed from Mr. Peen's leg.

    B.     Trial counsel failed to object or move to strike the speculative theories of Detective Chris Sperry at trial.

    C.     Trial counsel failed to protect Petitioner's rights when he agreed to allow the State to "dump" Petitioner's cell-phone.

    D.     Trial counsel failed to request a limiting instruction with regard to the admission of the text messages as Rule 404(b) evidence.

(Document No. 2.) As Exhibits, Petitioner attaches the following: (1) A copy of State v. White, 2015 W.Va. LEXIS 1124 (Nov. 20, 2015) (Document No. 2-1, pp. 1 – 7); (2) A copy of White v. Ames, 2020 W.Va. LEXIS 52 (Feb. 3, 2020) (Id., pp. 8 – 17); and (3) A copy of the SCAWV's Memorandum Decision in White v. Ames, Case No. 21-0403 (Id., pp. 18 – 26).

By Order entered on December 6, 2022, the undersigned denied Petitioner's Application to Proceed Without Prepayment of Fees and Costs and directed Petitioner to pay the $5.00 filing fee by January 7, 2023. (Document No. 6.) On October 27, 2023, Petitioner filed a Motion for Stay and Abeyance. (Document No. 13.) By Order entered on October 30, 2023, the undersigned noted Petitioner's failure to pay the $5.00 filing fee and directed Petitioner to show cause in

writing on or before November 13, 2023 as to why this action should not be dismissed for failure to prosecute. (Document No. 16.) On November 6, 2023, Petitioner filed his Notice to Show Cause and paid the $5.00 filing fee. (Document Nos. 17 and 19.)

By Order entered on November 7, 2023, the undersigned directed Respondent to file a Response to Petitioner's Petition. (Document No. 21.) On January 29, 2024, following the granting of an extension of time, Respondent filed his "Motion to Dismiss and for Summary Judgment" and Memorandum in Support. (Document Nos. 27 and 28.) As Exhibits, Respondent filed the following: (1) A copy Petitioner's Indictment (Document No. 27-1); (2) A copy of the trial transcripts as filed in Case No. 13-F-5 (Document Nos. 27-2 – 27-9); (3) A copy of Petitioner's direct appeal Brief (Document No. 27-10); (4) A copy of the State's Response Brief (Document No. 27-11); (5) A copy of the SCAWV's Memorandum Decision (Document No. 27-12); (6) A copy of Petitioner's State *habeas* Petition as filed in Case No. 16-C-322 (Document No. 27-13); (7) A copy of Petitioner's Amended State *habeas* Petition as filed in Case No. 16-C-322 (Document No. 27-14); (8) A copy of the State's Response as filed in Case No. 16-C-322 (Document No. 27-15); (9) A copy of the transcripts from the omnibus hearing as filed in Case No. 16-C-322 (Document No. 27-16); (10) A copy of the Circuit Court's "Order Denying Petition for Habeas Corpus Relief" as filed in Case No. 16-C-322 (Document No. 27-17); (11) A copy of Petitioner's *habeas* appeal Brief (Document No. 27-18); (12) A copy of the State's Response Brief (Document No. 27-19); (13) A copy of the SCAWV's Memorandum Decision (Document No. 27-20); (14) A copy of the Petitioner's second State *habeas* Petition as filed in Case No. 19-C-410 (Document No. 27-21); (15) A copy of Petitioner's Amended Petition as filed in Case No. 19-C-410 (Document No. 27-22); (16) A copy of Petitioner's Memorandum of Law as filed in Case No. 19-C-410 (Document No. 27-23); (17) A copy of the transcripts from

the omnibus hearing as filed in Case No. 19-C-410 (Document No. 27-24); (18) A copy of the Circuit Court's "Order Denying Petition for Habeas Corpus Relief" as filed in Case No. 19-C-410 (Document No. 27-25); (19) A copy of Petitioner's appeal Brief as filed by counsel (Document No. 27-26); (20) A copy of Petitioner's *pro se* appeal Brief (Document No. 27-27); (21) A copy of the State's Response Brief (Document Nos. 27-28 and 27-29); (22) A copy of Petitioner's *pro se* Reply (Document No. 27-30); (23) A copy of the SCAWV's Memorandum Decision (Document No. 27-31); (24) A copy of the Docket Sheet for Case No. 13-F-5 (Document No. 27-32); (25) A copy of the Docket Sheet for Case No. 16-C-322 (Document No. 27-33); and (26) A copy of the Docket Sheet for Case No. 19-C-410 (Document No. 27-34).

On January 30, 2024, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of the right to file a response to Respondent's "Motion to Dismiss and for Summary Judgment." (Document No. 31.) On February 7, 2024, Petitioner filed a Renewed Motion for Stay and Abeyance. (Document No. 32.) On February 12, 2024, Respondent filed a Response in Opposition to Petitioner's Renewed Motion for Stay and Abeyance. (Document No. 33.) On February 20, 2024, Petitioner filed his Reply. (Document No. 34.)

## ANALYSIS

In his "Motion for Stay and Abeyance," Petitioner requests a stay and abeyance of the above proceedings to allow him to return to State court to exhaust additional claims. (Document No. 13.) Petitioner states that court appointed *habeas* counsel failed to raise "all of Petitioner's claims filed in the Habeas Corpus in the lower court, including but not limited to ineffective assistance of counsel claim." (Id.) Petitioner claims that he "did his due diligence in attempting to file all claims via counsel," but *habeas* counsel omitted some claims and he has discovered

new claims that must be exhausted. (Id.) Petitioner claims that appointed *habeas* counsel "labored under an actual conflict of interest" and "refused to raise and exhaust several of Petitioner's meritorious habeas corpus claims." (Id.) Petitioner further states that a stay is necessary because his "federal petition could be untimely if dismissed and re-filed following the exhaustion of his federal claims in state court proceedings." (Id.)

In Respondent's Motion to Dismiss or for Summary Judgment and Memorandum in Support, Respondent states that "Petitioner appears to have exhausted his state remedies" and "[h]is claims do not appear to be precluded by any procedural bar." (Document Nos. 27 and 28.)

In Response, Petitioner filed his "Renewed Motion for Stay and Abeyance." (Document No. 32.) Petitioner's Renewed Motion is nearly verbatim to his initial "Motion for Stay and Abeyance." (See Document Nos. 13 and 32.)

In Response to the "Renewed Motion for Stay and Abeyance," Respondent argues that such should be denied. (Document No. 33.) First, Respondent states that "Petitioner has not presented any valid basis for a stay and abeyance as his claims are exhausted and timely filed." (Id., p. 1.) Respondent notes that he conceded in his Memorandum in Support (Document No. 28) that the claims asserted in Petitioner's Section 2254 Petition appear to be exhausted and were not precluded by a procedural bar. (Id., p. 2.) Thus, Respondent concludes that Petitioner's "concern that Respondent will claim the petition is a 'mixed petition' is baseless . . . because Respondent made no such claim." (Id.) Respondent also contends that he has made no argument that Petitioner's Petition is untimely. (Id.) Second, Respondent contends that "Petitioner is not entitled to raise new claims below, as he has exhausted that opportunity in his initial habeas proceedings and subsequent habeas proceedings." (Id.) Respondent claims that "Petitioner was given ample opportunity to bring any claims in his two omnibus hearings below." (Id.) Third,

10

Respondent argues that Petitioner's "allegedly unexhausted claims are not meritorious." (Id.) Respondent specifically explains that to the extent Petitioner wishes to add a claim of ineffective assistance of *habeas* counsel, such is not a cognizable ground for relief in Section 2254 proceedings. (Id., p. 3.) Respondent argues that Petitioner's claim is distinguishable from Martinez v. Ryan because Petitioner's "proposed ground is that habeas counsel was ineffective." (Id.) Respondent concludes that "Petitioner's failure to raise the issues resulted in a procedural bar to him raising them later and no claim of ineffectiveness of habeas counsel can raise that procedural bar." (Id., p. 4.) Accordingly, Respondent requests that Petitioner's motion for a stay and abeyance be denied. (Id.)

In Reply, Petitioner first notes that he is proceeding *pro se* and is entitled to have his pleadings liberally construed. (Document No. 34, pp. 1 – 2.) Second, Petitioner states that he recently discovered new evidence in the form of an Affidavit from his co-defendant that exonerates Petitioner of his underlying convictions. (Id., p. 2.) Third, Petitioner asserts he is not raising ineffective assistance of *habeas* counsel as a ground for relief. (Id.) Petitioner explains that "he simply claims that he suffered such, which, requires him to go back to State court to exhaust grounds omitted by habeas counsel and to adjudicate a newly discovered evidence/actual innocence claim." (Id.) Fourth, Petitioner contends that he is requesting the stay and abeyance to allow him the opportunity to return to State court to litigate the "newly discovered and omitted grounds" and to amend his Section 2254 Petition to include the "newly discovered and omitted grounds." (Id.) Petitioner asserts that "the denial of a stay and abeyance will forever prevent him from raising the newly discovered and omitted grounds in a § 2254 petition as the one-year statute of limitations will run out and the Federal rules forbid second successive habeas corpus petitions." (Id.) Finally, Petitioner states he is in the process of "trying to obtain counsel to assist

11

him in raising further habeas corpus claims in the State courts." (Id.) As an Exhibit, Petitioner attaches a copy of a verified Affidavit from his co-defendant Rocky Williams dated August 18, 2023.[2] (Document No. 34-1.)

### 1. Exhaustion:

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that state prisoners must exhaust available state remedies prior to filing a § 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); see also, McDaniel v. Holland, 631 F.Supp. 1544, 1545 (S.D. W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in state court, or (2) the Petitioner's claims will be deemed exhausted if no state remedies are currently available. See Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair presentation requires the Petitioner to (1) present the same claims (2) to all appropriate state courts. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds*, United States v. Barnette, 644 F.3d 192 (4th Cir. 2011). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles' 'must be presented to the state court." Id. (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). Although it is unnecessary to cite "book and verse on the federal constitution," "[i]t is

---

[2]  Petitioner was convicted of the felony murders of Devonte Penn and Darrell Fuqua. The underlying felony offense to support both of the felony murder convictions was robbery. (Document No. 27-7, pp. 149 – 152.) The new evidence indicates that Petitioner entered the home with intent to purchase drugs – not for the purpose of committing a robbery. During the underlying criminal trial, Mr. Williams testified that he and Petitioner entered the house for the purpose of committing a robbery. In the newly discovered evidence, Mr. Williams states that his trial testimony was false.

not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." See Picard, 404 U.S. at 278, 92 S.Ct. at 514; Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982)(internal citations omitted); Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000). The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Matthews, supra, 105 at 911. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 886, 130 L.Ed.2d 865 (1995); see also Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004)(stating that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'"). Petitioner must also provide the state court with the facts supporting the claimed constitutional violation and "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). The requirement of presentation of the same claim to all appropriate state courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to the state's highest court on either direct or collateral review. Id. at 844, 119 S.Ct. at 1732. In West

Virginia, prisoners may exhaust their available State court remedies by the following: (1) stating cognizable federal constitutional claims in a direct appeal to the West Virginia Supreme Court of Appeals; (2) stating cognizable federal constitutional claims in a petition for a writ of *habeas corpus* in a State circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the West Virginia Supreme Court of Appeals; or (3) filing a petition for writ of *habeas* corpus under the West Virginia Supreme Court's original jurisdiction and receiving a dismissal with prejudice.[3] Moore v. Kirby, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); McDaniel v. Holland, 631 F.Supp. 1544, 1545-46 (S.D.W.Va. 1986).

Generally, a federal district court may not review a Section 2254 petition unless there has been "total exhaustion" of the presented issues. Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); also see Preiser v. Rodriguez, 411 U.S. 475, 477, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)(When a petitioner fails to exhaust his state court remedies, a federal *habeas* petition should be dismissed.) When a petitioner presents a mixed petition under § 2254, that is a petition containing claims that are both exhausted and unexhausted, the District Court may (1) dismiss the petition in its entirety; (2) order a stay and abeyance while the petitioner exhausts his claims in State Court; or (3) allow the petitioner to remove the unexhausted claim claims and proceed with the exhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77, 125 S.Ct. 1528, 161 L.E.2d 440 (2005). "[N]otwithstanding the failure of an applicant to exhaust the remedies available in the courts of the state," a district court may deny the unexhausted claims on the merits. 28 U.S.C. § 2254(b)(2); also see White v. Keller, 2013 WL 791008, * 5 (M.D.N.C. March 4, 2013). To be excused from the exhaustion requirement, Petitioner must establish that

---

[3]  An original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the petitioner's state court remedies. *See Moore*, 879 F.Supp. at 593; *McDaniel*, 631 F.Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-09 (4th Cir. 1990)(*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997)).

"there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The foregoing statutory exceptions apply "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981). "State remedies may be rendered ineffective by inordinate delay or inaction in state proceedings." Ward v. Freeman, 46 F.3d 1129 (4th Cir. 1995)(unpublished table decision); Farmer v. Circuit Court of Md. for Balt. City., 31 F.3d 219, 223 (4th Cir. 1994)("There is . . . authority for treating sufficiently diligent, though unavailing, efforts to exhaust as, effectively, exhaustion, and for excusing efforts sufficiently shown to be futile in the face of state dilatoriness or recalcitrance.").

Liberally construing Petitioner's filings, the undersigned finds that Petitioner wishes to amend his Section 2254 Petition to include the following claims:

(1)    Trail counsel was ineffective by "failing to adequately and effectively cross-examine State witness Rocky Williams" (Document No. 27-13, p. 2);

(2)    Trial counsel was ineffective by "failing to object to, and move for a mistrial for, the State improperly and prejudicially leading State witness Rocky Williams throughout the entirety of his direct-examination which significantly prejudiced the Petitioner as the State had to lead said witness because his testimony was clearly fabricated and would not have made sense to the jury without the prosecutor's improper assistance of leading the witness" (Document No. 27-13, p. 2);

(3)    Denial of right to due process of law as secured by the Fourteenth Amendment where "the prosecutor for the State knowingly elicited and utilized false testimony from State witness Rocky Williams when the prosecutor allowed said witness (a) to testify to supposed facts and circumstances that the prosecutor knew, or should have known, were untrue; and (b) to create a false impression of facts where were known not to be true" (Document No. 27-13, p. 3).

(Document Nos. 13, 32, and 34.)[4] The undersigned finds that Petitioner's above claims are unexhausted[5] and there is no allegation or indication that Petitioner should be excused from the exhaustion requirement. Nevertheless, a claim that has not been presented to the state's highest court "may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000)(citing Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2081, 135 l.Ed.2d 457 (1996)); also see Coleman v. Thompson, 501 U.S. 722, 732, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991)("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him.") Although such claims are technically exhausted, the procedural default doctrine applies to those claims in a subsequent Section 2254 proceeding. See Clagett v. Angelone, 209 F.3d 370, 378 (4th Cir. 2000)("If claims were not exhausted in state court but would now be procedurally barred if brought in state court, then federal courts can treat the claims as if they were procedurally defaulted in the state courts.") The procedural default doctrine prevents a federal court from hearing a claim that has been, or would be, disposed of on

---

[4] To the extent Petitioner may be requesting a stay and abeyance of the instant proceedings so that he may exhaust a "freestanding" actual innocence claim, such would be improper. The Supreme Court has found that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). The Supreme Court further stated that "habeas jurisprudence makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.*, 506 U.S. at 404, 113 S.Ct. at 862; *also see Smith v. Mirandy*, 2015 WL 1395781, * 4 (S.D.W.Va. March 25, 2015)(Outside of the capital context, a freestanding claim of actual innocence has not been recognized by the Supreme Court or by the Fourth Circuit); *Cooper v. O'Brien*, 2015 Wl 13735779, * 3, fn. 5 (N.D.W.Va. Aug. 28, 2015), *report and recommendation adopted*, 20015 WL 6085717 (N.D.W.Va. Oct. 16, 2015), *aff'd*, 639 Fed.Appx. 196 (4th Cir. 2016).

[5] Although Petitioner has not sought permission to amend his Section 2254 Petition, Petitioner is requesting a stay and abeyance so he may return to State court to exhaust these additional *habeas* claims that were not included in his pending Section 2254 Petition.

"adequate and independent state-law grounds, unless the petitioner can show cause and prejudice for, or a fundamental miscarriage of justice resulting from, failure to comply with the applicable rule." See Bostick v. Stevenson, 589 F.3d 160, 164 (4th Cir. 2009). West Virginia Code § 53-4A-1(c) creates a rebuttable presumption that a state *habeas* petitioner knowingly and intelligently waives any claim that could have been, but was not, presented during the state *habeas* proceedings. Thus, the foregoing procedural bar "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal *habeas corpus* review of the default claim, unless the petitioner can demonstrate cause and prejudice of the default.'" See Hayes v. Plumley, 2016 WL 5662037, * 4 (S.D.W.Va. Sep. 30, 2016)(citing Coleman, 501 U.S. at 732, 111 S.Ct. at 2555); also see Green v. Ballard, 2015 WL 1612198, * 5 (S.D.W.Va. April 10, 2015)(recognizing that W.Va. Code § 53-4A-1(c) is "an adequate and independent state ground" for purposes of procedural default). The Fourth Circuit has recognized that "procedural default is excusable under the cause and prejudice standard when the petitioner demonstrates (1) that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule, and (2) that errors at his trial . . . worked to his *actual* and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." Wolfe v. Johnson, 565 F.3d 140, 158, n. 27 (4th Cir. 2009)(internal citations omitted). Generally, ineffective assistance of *habeas* counsel is not considered an external factor that would excuse the failure to exhaust a claim for *habeas corpus* relief. See Maples v. Thomas, 565 U.S. 266, 280, 132 S.Ct. 912, 922, 181 L.Ed.2d 807 (2012)(citation omitted)("Negligence on the part of a prisoner's postconviction attorney does not qualify as cause.'"). In Martinez v. Ryan, however, the Supreme Court recognized a limited exception. Martinez v. Ryan, 556 U.S. 1, 17, 132 S.Ct. 1309, 1320, 182 L.Ed.2d 272 (2012). The Supreme Court held "[w]here, under state law, claims

of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Id. This limited exception does not extend to ineffective assistance of appellate counsel. Id., 556 U.S. at 16, 132 S.Ct. at 1320(stating that the exception "does not concern errors in . . . appeals from initial-review collateral proceedings); also see Davila v. Davis, 582 U.S. 521, 137 S.Ct. 2064, 2065, 198 L.Ed.2d 603 (2017)(decline to expand the *Martinez* exception to the distinct context of ineffective assistance of appellate counsel). Finally, the Fourth Circuit has stated that "[i]f any reasonable possibility exists that the state court may apply an exception to its procedural default rule, the federal court should not apply a state procedural bar to find that exhaustion is futile." Meadows v. Legursky, 904 F.2d 903, 909 (4th Cir. 1990), abrogated on other grounds by, Trest v. Cain, 522 U.S. 87, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997).

In the instant case, Petitioner argues that his procedural default is excusable because the unexhausted claims are the result of ineffective assistance of *habeas* counsel and the discovery of new evidence. "Although West Virginia Code § 53-4A-1 et seq. (1967) generally allows each petitioner only one omnibus habeas corpus hearing, a petitioner may be entitled to an additional state court habeas hearing if the petitioner demonstrates a change in the law that is retroactively applicable, ineffective assistance of counsel at the habeas proceeding, or newly discovered evidence." Ward v. Trent, 19 F.Supp.2d 608, 615 (S.D.W.Va. Aug. 14, 1998)(citing Losh v. McKensie, 166 W.Va. 762, 277 S.E.2d 606, 611 (1981). The undersigned notes that the record reveals that Petitioner filed a second State *habeas* Petition based upon his claim of ineffective assistance of *habeas* counsel. See White v. Ames, Case No. 19-C-410 (Cir. Ct. Cabell Co.).

18

Petitioner, however, has not proceeded in a subsequent State *habeas* petition based upon the claim of newly discovered evidence. Petitioner indicates that this new evidence was recently discovered on or around August 18, 2023. Thus, the undersigned finds there is a reasonable possibility that the State court may apply an exception to its procedural default rule. See Clement v. Ballard, 2015 WL 6690158, * 9 (S.D.W.Va. Sept. 22, 2015)(finding procedural default was inapplicable because there was a reasonable possibility that the State might address petitioner's unexhausted grounds on the merits given petitioner's claim that his unexhausted claims were the result of ineffective assistance of habeas counsel); Bennett v. Ames, 2019 WL 8054945, * 7, fn. 1 (S.D.W.Va. Oct. 28, 2019)("[B]ecause it is not presently clear from the record before this court whether the state courts would reject a new habeas corpus petition addressing these additional claims by the petitioner, the undersigned declines to speculate about the application of the procedural default doctrine to those claims."). Therefore, the undersigned respectfully recommends that the District Court decline to find that Petitioner's unexhausted claims are procedurally barred such that exhaustion is futile because there is a reasonable possibility that the State court may apply an exception to its procedural default rule.

2.    **Stay and Abeyance:**

In Rhines, the Supreme Court determined that when a State prisoner presents a mixed petition under § 2254, that is a petition containing claims that are both exhausted and unexhausted, the district Court may (1) dismiss the petition in its entirety; (2) order a stay and abeyance while the petitioner exhausts his claims in State Court; or (3) allow the petitioner to remove the unexhausted claim claims and proceed with the exhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77, 125 S.Ct. 1528, 161 L.E.2d 440 (2005). The Supreme Court, however, cautioned that a "[s]tay and abeyance, if employed too frequently, has the potential to

undermine" the twin purposes of the total exhaustion requirement and the limitation period. Id.,

544 U.S. at 277, 125 S.Ct. at 1534. Specifically, the Supreme Court explained as follows:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Id., 544 U.S. at 277, 125 S.Ct. at 1535. Thus, a "stay and abeyance is only appropriate when the

district court determines there was good cause for the petitioner's failure to exhaust his claims

first in state court." Id.(noting that "if a district court dismisses a mixed petition close to the end

of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling

his petition in federal court before the limitations period runs are slim."); also see Demere v.

Ballard, 2013 WL 5352950 (N.D.W.Va. Sept. 24, 2013)("this procedure is only appropriate

where an outright dismissal could jeopardize the timeliness of a petitioner's collateral attack in

federal court"); Kanode v. Waid, 2011 WL 2633645 (S.D.W.Va. July 5, 2011)("[T]he practice of

staying a federal habeas case while a petitioner returns to state court to exhaust his claims should

be used sparingly.").

Applying the Rhines standard to the facts of the instant case, the undersigned first

considers whether good cause exists based upon AEDPA's one-year limitation period. The

undersigned finds that the record does support a timeliness concern regarding the filing of

Petitioner's Section 2254 Petition. Section 2244(d)(1)(A) provides that a Section 2254 *habeas*

petition must be filed within one year after "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §

2244(d)(1)(A).[6] By a "Final Amended Order of Commitment" dated August 14, 2014, the Circuit Court sentenced Petitioner to consecutive life sentences, with mercy. Petitioner filed his notice of appeal on September 15, 2014, and the SCAWV affirmed his convictions on November 20, 2015. Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court, and therefore his conviction became final under 28 U.S.C. § 2244(d)(1)(A) on December 15, 2014 (90 days after the SCAWV affirmed his convictions). See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, the one-year statute of limitation began to run on December 16, 2014, and Petitioner had until December 15, 2015, to file a Section 2254 Application in the United States District Court, unless he first sought post-conviction relief from the State courts. Petitioner filed his first Petition for Writ of *Habeas Corpus* in the Circuit Court of Cabell County (Case No. 16-C-322) on May 5, 2016, which was 142 days after the statute of limitation period began to run. Accordingly, the one-year statute of limitation period was tolled by Petitioner's State *habeas*

---

[6] Title 28, United States Code, Section 2244(d)(1) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

proceedings. The Circuit Court of Cabell County denied his *habeas* petition on September 18, 2018, and Petitioner appealed the denial to the SCAWV. See Rule 5(f) of the West Virginia Rules of Appellate Procedure. On September 12, 2019, Petitioner filed his second State *habeas* Petition in the Circuit Court of Cabell County (Case No. 19-C-410). The SCAWV affirmed the Circuit Court's denial of Petitioner's first State *habeas* petition on February 3, 2020. The statute of limitations, however, remained tolled due to Petitioner's pending second State *habeas* Petition. The Circuit Court of Cabell County denied his second *habeas* petition on May 18, 2021, and Petitioner appealed the denial to the SCAWV. The SCAWV affirmed the Circuit Court's denial of Petitioner's second State *habeas* petition on August 30, 2022. The limitation period began to run again on or about August 31, 2022,[7] and Petitioner had 223 days to file his Section 2254 Petition in the United States District Court, unless he again sought post-conviction relief from the State courts. On December 5, 2022, 96 days later, Petitioner filed his Section 2254 Petition. Although it is undisputed that Petitioner's Section 2254 Petition was timely filed,[8] the statute of limitations was not tolled by the filing of the Section 2254 Petition. See Duncan v. Walker, 533 U.S. 167, 172, 121 S.Ct. 2120, 2124, 150 L.Ed.2d 251 (2001)("[A] properly filed federal habeas petition does not toll the limitation period."). Since the statute of limitations was not tolled by the filing of Petitioner's Section 2254 petition, the limitations period expired on or

---

[7] The record does not indicate the date the SCAWV issued its mandate. The limitations period would begin the run the day after the issuance of the mandate. For purposes of the above *Rhines'* analysis, the undersigned finds that the date the SCAWV entered its Memorandum Decision is adequate to determine a timeliness concern.

[8] At the time of the filing of Petitioner's Section 2254, two hundred thirty-eight (238) days of Petitioner's one year period had expired.

about April 11, 2023.[9] Accordingly, the undersigned finds that dismissal would jeopardize the timeliness of Petitioner's Section 2254 Petition and, therefore, Petitioner can demonstrate good cause supporting a stay of the instant of proceedings if Petitioner wishes to return to State Court to exhaust his unexhausted claims.

Considering the second prong of Rhines, the undersigned cannot find that all of Petitioner's unexhausted claims are plainly meritless. At least part of Petitioner's unexhausted claims involve critical aspects of Petitioner's conviction, including the alleged introduction of false testimony and ineffective assistance of trial counsel, which are not facially frivolous. Considering the third prong of Rhines, the undersigned finds there is no obvious indication that Petitioner has engaged in "intentionally dilatory litigation tactics." Based upon the above procedural history, it appears that Petitioner has diligently challenged his convictions. Petitioner indicates that he only recently became aware of the newly discovery evidence. The undersigned, therefore, finds that Petitioner has satisfied the three requirements for the issuance of a stay under Rhines.

Accordingly, the undersigned recommends that the District Judge find that Petitioner's Section 2254 Petition is a mixed petition containing both exhausted and unexhausted claims, Petitioner is entitled to a stay while he exhausts his State court remedies, and Petitioner's Section 2254 Petition be held in abeyance until that time. The undersigned further recommends that the District Judge condition the stay on Petitioner's pursuing his State court remedies within 60-days of from the date of the order to stay as entered by the District Court, and require Petitioner to

---

[9] Petitioner is hereby **NOTIFIED** that the calculations of the statute of limitations set forth in this Proposed Finding and Recommendation are not conclusively correct. It is Petitioner's responsibility to file his petition correctly and timely.

return to federal court within 45-days after he has exhausted his State court remedies. In the alternative, Petitioner may withdraw the unexhausted claims from his Section 2254 Petition and pursue his exhausted claims before this Court. Finally, the undersigns recommends that Respondent's Motion to Dismiss and for Summary Judgment (Document No. 27) be denied as moot.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** the following:

(1)    Petitioner's Motion for Stay and Abeyance and Renewed Motion for Stay and Abeyance (Document Nos. 13 and 32) be **GRANTED**, and this action be **REMOVED from the Court's active docket** until further order of the Court, so that Petitioner may pursue his State court remedies for his unexhausted claims and that the stay be condition on Petitioner pursuing his State court remedies within **sixty (60) days** of the date that the order to stay is entered; and

(2)    Petitioner's Section 2254 Petition (Document No. 2) be held in **ABEYANCE** pending exhaustion of State court remedies, and Petitioner be required to return to federal court within **forty-five (45) days** after he has exhausted his State court remedies and seek to lift the stay.

(3)    Respondent's Motion to Dismiss and for Summary Judgment (Document No. 27) be **DENIED as moot**.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of

24

this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Chambers, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to send a copy of the same to Petitioner, who is acting *pro se*, and counsel of record.

Dated: June 3, 2024.



Omar J. Aboulhosn
United States Magistrate Judge