IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

THOMAS M. WHITE, JR.,

          Petitioner,

v.                                                  CIVIL ACTION NO. 3:22-00552

DONALD F. AMES, Superintendent,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court are Defendant Donald F. Ames's Objections to the Proposed Findings and Recommendation ("PF&R) issued by Magistrate Judge Omar Aboulhosn on June 3, 2024. ECF No. 38; ECF No. 37. The Court has undertaken a thorough review of the Objections and PF&R, as well as pertinent material found elsewhere in the record. For the reasons set forth below, the Court **DENIES** Respondent's Objections (ECF No. 38) and—consistent with the factual allegations outlined in this Memorandum Opinion—**ADOPTS AND INCORPORATES HEREIN** the PF&R (ECF No. 37). Accordingly, the Court **GRANTS** Petitioner's Motion for Stay and Abeyance and Renewed Motion for Stay and Abeyance (ECF No. 13; ECF No. 32) and **REMOVES** this action from the Court's active docket until further order of the Court. The Court **STAYS** Petitioner's Section 2254 Petition (ECF No. 2), so that Petitioner may pursue his State court remedies for his unexhausted claims, and conditions the stay on Petitioner pursuing his State court remedies within **sixty (60) days** of the date that the order to stay is entered. Further, the Court **ORDERS** Petitioner's Section 2254 Petition (ECF No. 2) be held in **ABEYANCE** pending exhaustion of State court remedies. The Court **DIRECTS** Petitioner to return to federal court

within **forty-five (45) days** after he has exhausted his State court remedies and file a motion to lift the stay. The Court also **DIRECTS** Petitioner to inform the Court of his State court filing within **fourteen (14) days**. Further, the Court **DIRECTS** Respondent to inform the Court of the exhaustion of Petitioner's State court proceedings within **fourteen (14) days**. Consequently, Respondent's Motions to Dismiss and for Summary Judgment (ECF No. 27) are **DENIED as moot.**

## I. BACKGROUND

### A. Case No. 13-F-5

On January 16, 2013, the Grand Jury of Cabell County, West Virginia, returned an eleven count Indictment against Petitioner and his co-defendant, Rocky Williams. ECF No. 27-1. The Indictment charged Petitioner with two counts of felony murder, Counts 9 and 10. *Id.* On April 22, 2014, the jury found Petitioner guilty of the two counts of felony murder. ECF No. 27-8. The underlying offense for both felony murder convictions was robbery. ECF No. 27-7, at 148-52. On August 14, 2014, the Circuit Court sentenced Petitioner to consecutive life sentences, with mercy. ECF No. 27-12; ECF No. 27-32.

On September 15, 2014, Petitioner, through counsel, filed a Notice of Appeal with the Supreme Court of West Virginia ("SCAWV"). ECF No. 27-32. Petitioner asserted four assignments of error, alleging one error under West Virginia Rule of Evidence 403 and three errors under Rule 404(b). ECF No. 27-10. On June 9, 2015, the State filed a Response Brief. ECF No. 27-11. On November 20, 2015, the SCAWV affirmed Petitioner's convictions. ECF No. 27-12. Petitioner did not petition for writ of certiorari with the United States Supreme Court.

**B. First State *Habeas* Proceeding**

On May 5, 2016, Petitioner, acting *pro se*, filed a Petition for Writ of *Habeas Corpus* in the Circuit Court of Cabell County. ECF No. 27-13; ECF No. 27-33. On May 12, 2016, the Circuit Court appointed James Mills as *habeas* counsel for Petitioner. ECF No. 27-33. On September 30, 2016, Petitioner, through counsel, then filed Petitioner's Amended Petition. *Id.* As grounds for relief, Petitioner asserted the following:

1. Petitioner's constitutional rights were violated by ineffective assistance of his state-appointed trial counsel.

    a. Trial counsel failed to conduct independent investigation into several key facts of this case, which severely limited the Petitioner at trial, forcing him to acquiesce in the State's version of the facts.

    b. Trial counsel was ineffective in failing to request a limiting instruction regarding the text messages presented at trial.

    c. Trial counsel was ineffective because he did not challenge the admission of the text messages as the fruit of an illegal search and seizure.

    d. Trial counsel failed to object or take any measure to prevent the jury from hearing purely speculative theories put forth by Detective Chris Sperry, which were not in the evidence of the case.

    e. Trial counsel failed to object, move to strike, or ask for limiting instruction regarding Detective Sperry's testimony suggesting that the Petitioner had been involved in or connected to other similar crimes.

    f. Trial counsel did not inform Petitioner that he would be required to serve at least ten years before being eligible for parole if he had pled guilty to Second Degree Murder, and that this would have affected his decision on the State's plea offer.

2. Petitioner received an unconstitutionally disproportionate and excessive sentence, especially when compared to the sentence of Rocky Williams.

3. Petitioner's constitutional rights were violated when the State conducted an illegal and warrantless search of the contents of cell phones found at the residence.

4. Petitioner's constitutional rights were violated by the cumulative effect of multiple trial errors.

5. Petitioner's constitutional rights were violated by ineffective assistance of his state-appointed appellate counsel, who failed to raise numerous grounds on direct appeal.

    a. Appellate counsel failed to appeal the State's warrantless search of the Petitioner's cell phone or challenge the introduction of the text messages on constitutional grounds.

    b. Appellate counsel failed to appeal the introduction of the Petitioner's tattoos as improper 404(b) evidence.

    c. Appellate counsel failed to appeal the constitutional error presented by the cumulative effect of multiple trial error.

ECF No. 27-14.

On June 15, 2017, the State filed a Response in Opposition. ECF No. 27-15. On August 16, 2017, Petitioner filed a *Pro Se* Reply. ECF No. 27-33. Subsequently, the Circuit Court replaced Petitioner's *habeas* counsel, Mr. Mills with Steven M. Wright. ECF No. 27-17, at 1. Mr. Wright filed to withdraw as Petitioner's *habeas* counsel because of Mr. Wright's friendship with Petitioner's trial counsel, but the Circuit Court denied this Motion. ECF No. 27-16, at 4-5. On August 2, 2018, the Circuit Court held an omnibus hearing, which included testimony from Kerry Nessel, Petitioner's trial counsel; Tim Rosinsky, Petitioner's trial counsel; and Petitioner. *Id.* at 2. On September 18, 2018, the Circuit Court denied Petitioner's Petition for *Habeas Corpus* Relief. ECF No. 27-17.

Petitioner, through counsel, Mr. Wright, appealed the Circuit Court's decision on five grounds. ECF No. 27-18. On March 4, 2019, the State filed its Response Brief. ECF No. 27-19. On February 3, 2020, the SCAWV affirmed the Circuit Court's denial of *habeas* relief in a Memorandum Decision. ECF No. 27-20.

### C. Second State *Habeas* Proceeding

On September 2, 2019, Petitioner, acting *pro se*, filed a second Petition for Writ of *Habeas Corpus* in the Circuit Court of Cabell County. ECF No 27-21; *White v. Ames*, Case No. 19-C-410 (Cir. Ct. Cabell Co.). The Circuit Court appointed *habeas* counsel, Jason Goad, who was then relieved and replaced by Juston Moore. ECF No. 27-25.

On September 2, 2020, Petitioner, through counsel, filed an Amended Petition asserting the following:

1. Petitioner's previous *habeas* corpus counsel rendered ineffective assistance of counsel in the previous proceeding in the following manners:

    a. Counsel openly admitted he would not be able to provide objective representation of Mr. White; and

    b. Counsel failed to submit arguments insisted upon by Petitioner and also to adequately cross-examine trial/appellate counsel with regard to the nature of text messages admitted into evidence at trial.

ECF No. 27-22. On December 14, 2020, Petitioner, through counsel, filed a "Supplemental Memorandum of Law in Support of his Petition for a Second and Successive Writ of *Habeas Corpus* Ad Subjiciendum Under W. Va. Code § 53-4A-1." ECF No. 27-23. On January 4, 2021, the State filed a Response in Opposition. ECF No. 27-34. On March 2, 2021, the Circuit Court held an omnibus hearing, where Mr. Wright, Petitioner's prior *habeas* counsel, testified. ECF No. 27-24. On April 20, 2021, the Circuit Court entered an "Order Denying Petition for *Habeas Corpus* Relief." ECF No. 27-25.

On May 18, 2021, Petitioner, through counsel, filed a Notice of Appeal contending that "the underlying court abused its discretion when it denied Mr. White's Petition for Writ of *Habeas Corpus*." ECF No. 27-34; ECF No. 27-26. Petitioner also filed a *Pro Se* Supplemental Brief. ECF No. 27-27. The State filed briefs in reply to both. ECF No. 27-28; ECF No. 27-29. On December 6, 2021, Petitioner filed a *Pro Se* Reply Brief. ECF No. 27-30. On August 30, 2022, the SCAWV affirmed the Circuit Court's decision denying *habeas* relief in a Memorandum Order. ECF No. 27-31.

### D. Section 2254 Petition

On December 5, 2022, Petitioner, acting *pro se*, filed a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus*. ECF No. 2. As grounds for relief, Petitioner asserts the following:

1. Petitioner's constitutional right to a fair trial was violated when the State seized, used, and admitted as evidence before the jury text messages obtained through an illegal and warrantless search.

2. Petitioner's constitutional right to a fair trial was violated when the trial court failed to properly determine whether the 404(b) evidence was more probative than prejudicial.

3. Petitioner's rights under the United States Constitution were violated when the sentence imposed by the trial court was disproportionate to that of his more culpable co-defendant.

4. Petitioner's due process rights under the Sixth Amendment to the United States Constitution were violated when his attorney provided ineffective assistance of counsel.

    a. Trial counsel failed to retain an expert to conduct an independent analysis of the bullet removed from Mr. Peen's leg.

    b. Trial counsel failed to object or move to strike the speculative theories of Detective Chris Sperry at trial.

    c. Trial counsel failed to protect Petitioner's rights when he agreed to allow the State to "dump" Petitioner's cell-phone.

    d. Trial counsel failed to request a limiting instruction with regard to the admission of the text messages as Rule 404(b) evidence.

ECF No. 2.

On October 7, 2023, Petitioner filed a Motion for Stay and Abeyance. ECF No. 13. On January 29, 2024, Respondent filed a "Motion to Dismiss and for Summary Judgment" and Memorandum in Support. ECF No. 27; ECF No. 28.

On February 7, 2024, Petitioner filed a Renewed Motion for Stay and Abeyance. ECF No. 32. On February 12, 2024, Respondent filed a Response in Opposition to Petitioner's Renewed Motion for Stay and Abeyance. ECF No. 33. On February 20, 2024, Petitioner filed a Reply. ECF No. 34.

### E. Proposed Findings and Recommendation

Pursuant to this Court's standing order, Petitioner's claims were referred to Magistrate Judge Aboulhosn for his preliminary findings of fact and recommendation for disposition. On June 3, 2024, Magistrate Judge Aboulhosn issued the PF&R. In the PF&R, Magistrate Judge Aboulhosn found that Petitioner wishes to amend the Section 2254 Petition to include the following claims:

1. Trial counsel was ineffective by "failing to adequately and effectively cross-examine State witness Rocky Williams" (ECF No. 27-13, at 2);

2. Trial counsel was ineffective by "failing to object to, and move for a mistrial for, the State improperly and prejudicially leading State witness Rocky Williams throughout the entirety of his direct-examination which significantly prejudiced the Petitioner as the State had to lead said witness because his testimony was clearly fabricated and would not have made sense to the jury without the prosecutor's improper assistance of leading the witness" (ECF No. 27-13, at 2);

3. Denial of right to due process of law as secured by the Fourteenth Amendment where "the prosecutor for the State knowingly elicited and utilized false testimony from State witness Rocky Williams when the prosecutor allowed said witness (a) to testify to supposed facts and circumstances that the prosecutor knew, or should have known, were untrue; and (b) to create a false impression of facts where were known not to be true" ECF No. 27-13, at 3.

Magistrate Judge Aboulhosn recommended this Court grant Petitioner's Motion for Stay and Abeyance and Renewed Motion for Stay and Abeyance. ECF No. 37. He recommended this Court allow Petitioner sixty days to file his unexhausted claims in State court and then require Petitioner to return to this Court within forty-five days after exhausting his State court remedies. *Id.* Consequently, he also recommended this Court deny Respondent's Motion to Dismiss and for Summary Judgment as moot. *Id.*

On June 17, 2024, Respondent filed an Objection to the PF&R. ECF No. 38. On July3, 2024, Petitioner filed a Reply to Respondent's Objection. ECF No. 39.

## II.   LEGAL STANDARD

### A. *Pro se* party

The Court will liberally construe filings when a party is proceeding *pro se*, as Petitioner is in the instant case. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520-21, (1972). While a court is not "expected to construct full blown claims from sentence fragments, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), a court should not "permit technical pleading requirements to defeat the vindication of any constitutional rights which the plaintiff alleges, however inartfully, to have been infringed." *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Canty v. City of Richmond, Va., Police Dept.*, 383 F.Supp. at 1399-1400).

### B. Objections to PF&R

While courts possess the discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge, they must conduct a *de novo* review of the portions of the Magistrate Judge's findings "to which objection is made." 28 U.S.C. § 636(b)(1)(C). Courts need not conduct a review of factual and legal conclusions to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor are they tasked with conducting *de novo* review of "general and conclusory" objections—rather, objections must raise specific errors in the PF&R. *McPherson v. Astrue*, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)) (reasoning that "vague objections to the magistrate judge's findings prevents the district court from focusing on disputed issues and thus renders the initial referral to the magistrate judge useless"). With this framework in mind, the Court considers Respondent's pending objections.

### C. Exhaustion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires that a petitioner in state custody must exhaust all available state remedies before they may pursue federal *habeas* remedies. 28 U.S.C. § 2254(b)(1); *see also*, *McDaniel v. Holland*, 631 F.Supp. 1544, 1545 (S.D. W.Va. 1986) ("A federal court will not entertain a state prisoner's petition for a writ of *habeas corpus* unless the prisoner has first exhausted available state judicial remedies").

A petitioner may forgo the exhaustion requirement if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The Fourth Circuit allows "[a] claim that has not been presented to the highest state court [to] be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state

court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996). The procedural default doctrine applies to this type of claim. *See Clagett v. Angelone*, 209 F.3d 370, 378 (4th Cir. 2000) ("If claims were not exhausted in state court but would now be procedurally barred if brought in state court, then federal courts can treat the claims as if they were procedurally defaulted in the state courts.")

The procedural default doctrine prevents federal courts from hearing a *habeas* claim that has or would be disposed of by "adequate and independent state-law grounds, unless the petitioner can show cause and prejudice for, or a fundamental miscarriage of justice resulting from, failure to comply with the applicable rule." *See Bostick v. Stevenson*, 589 F.3d 160, 164 (4th Cir. 2009). West Virginia Code § 53-4A-1(c) creates a rebuttable presumption of the waiver of claims that could have been, but were not, advanced in state *habeas* proceedings. Therefore, this procedural bar "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal *habeas corpus* review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *See Hayes v. Plumley*, 2016 WL 5662037, * 4 (S.D.W.Va. Sep. 30, 2016) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991); also *see Green v. Ballard*, 2015 WL 1612198, * 5 (S.D.W.Va. April 10, 2015) (recognizing that W.Va. Code § 53-4A-1(c) is "an adequate and independent state ground" for purposes of procedural default).

The Fourth Circuit has instructed that "[i]f any reasonable possibility exists that the state court may apply an exception to its procedural default rule, the federal court should not apply a state procedural bar to find that exhaustion is futile." *Meadows v. Legursky*, 904 F.2d 903, 909 (4th Cir. 1990), *abrogated on other grounds by Trest v. Cain*, 522 U.S. 87, 118 (1997).

**D. Stay and Abeyance**

Without "total exhaustion," a federal district court may not generally review a Section 2254 Petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). When presented with a petition with exhausted and unexhausted claims, a court may dismiss the petition outright, dismiss the unexhausted claims and proceed with the exhausted claims, or issue a stay and abeyance. *Rhines v. Weber*, 544 U.S. 269, 275-78. A stay and abeyance allows "a district court [to] stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id.* at 275.

In *Rhines*, the Supreme court instructed that a stay and abeyance should be granted when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

### III.   DISCUSSION

Respondent objects to Magistrate Judge Aboulhosn's finding that Petitioner has met the standard for a stay and abeyance set forth in *Rhines v. Weber*, 544 U.S. 269 (2005). ECF No. 38, at 2. Specifically, Respondent argues that Petitioner's newly discovered evidence claim is barred. *Id.* at 4. Respondent further argues Petitioner's two potentially unexhausted ineffective assistance of counsel claims are procedurally barred. *Id.* at 3.

**A. Petitioner's newly discovered evidence claim**

    a.  <u>Procedural Objection</u>

Before addressing the merits of Petitioner's newly discovered evidence claim, Respondent argues that Petitioner has not moved to amend his Section 2254 Petition. ECF No. 38, at 4. As discussed above, a court should liberally construe a *pro se* petitioner's filings. *Haines v. Kerner*,

404 U.S. 519, 520-21, (1972). In pursuit of this liberal construction, courts regularly recast *pro se* filings. *See George v. Reese*, 952 F.2d 395 (4th Cir. 1992) (unpublished table decision) (reconstruing a *habeas corpus* petition under § 2254 as a complaint under the Freedom of Information Act and stating the *pro se* petitioner's "action should not be dismissed simply because he mislabeled the nature of the proceedings in his complaint"); *United States v. Williams*, 17 F.3d 1435 (4th Cir. 1994) (unpublished table decision) (recasting a "motion labelled as one pursuant to Fed.R.Civ.P. 60" as a § 2255 motion); *Ballentine v. Warden of Greensville Correctional Center*, 155 F.3d 557 (4th Cir. 1998) (unpublished table decision) (reframing an "appeal" as an objection to a PF&R).

Magistrate Judge Aboulhosn, in the PF&R, concludes that when construing the Petitioner's filings liberally, Petitioner sought to amend his Section 2254 Petition in his reply to Respondent's Response in Opposition to Petitioner's Renewed Motion to Stay and Abeyance. ECF No. 34. The Court agrees with Magistrate Judge Aboulhosn that in reply Petitioner seeks to add the following claim: "Denial of [Petitioner's] right to due process of law as secured by the Fourteenth Amendment where "the prosecutor for the State knowingly elicited and utilized false testimony from State witness Rocky Williams when the prosecutor allowed said witness (a) to testify to supposed facts and circumstances that the prosecutor knew, or should have known, were untrue; and (b) to create a false impression of facts where were known not to be true[.]" ECF No. 27-13, at 3; ECF No. 37, at 15.

  b. <u>Merits Objection</u>

In addition to the procedural objections, Respondent argues, on the merits, that Petitioner's claim of newly discovered evidence is insufficient to lift the state procedural bar.

Respondent provides that in order for a procedural bar to be lifted in West Virginia State court, the following factors must be met:

> (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his [or her] affidavit that [the defendant] was diligent in ascertaining and securing [the] evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side.

Syl. Pt. 2, *Anstey v. Ballard*, 237 W. Va. 411 (2016) (quotation omitted). Specifically, Respondent argues that the fourth and fifth factors cannot be met by Petitioner's newly discovered evidence.

Regarding the fourth factor, Respondent argues that the newly discovered evidence would not produce an opposite outcome in the case because there was other evidence to convict the Petitioner. Respondent argues that the evidence shows "Petitioner and Williams entered the home together; a gun found in Petitioner's girlfriend's vehicle had blood and a fingerprint on it; phone records showed Petitioner and Williams were communicating about drug deals; phone records also showed Petitioner threatening to kill someone else." ECF No. 38, at 5. Respondent continues, arguing that "'[a] forensic expert in gunshot residue from the West Virginia State Police Laboratory testified that he found gunshot residue on [P]etitioner's hand after the shooting'" and "[t]he bullet removed from one victim's leg was fired from Petitioner's pistol." ECF No. 38, at 5 (citing *White v. Ames*, No, 18-0892, 2020 WL 533116, at *2 (W. Va. Feb. 3, 2020).

Petitioner was convicted of two felony murder charges both with the underlying offense of robbery. ECF No. 27-7, at 149-52. None of the evidence Respondent cites speaks to Petitioner's involvement in the robbery. Therefore, Rocky Williams admitting the falsity of his testimony,

which claimed Petitioner's intentions were to commit the robbery, could reasonably dictate another outcome in Petitioner's trial. Therefore, the Court finds Respondent's arguments to the fourth factor wanting.

Respondent argues Petitioner also fails to meet the fifth factor because the newly discovered evidence would only serve to impeach Rocky Williams's testimony. While the affidavit would impeach Rocky Williams's testimony, it also lends credibility to the Petitioner's defense argument that he was at the crime scene to buy drugs, not commit a robbery. Therefore, the Court also finds the Respondent's arguments on the fifth factor wanting.

Given this analysis, the Court finds a reasonable possibility exists that the State court may apply an exception to its procedural default rule, which leads the Court to conclude this claim is unexhausted. *See Meadows v. Legursky*, 904 F.2d 903, 909 (4th Cir. 1990), *abrogated on other grounds by Trest v. Cain*, 522 U.S. 87, 118 (1997).

### B.  Whether the petition warrants a stay and abeyance

Since at least one of Petitioner's claims is unexhausted, the Court must determine whether a stay and abeyance is appropriate. The Court finds a stay and abeyance is appropriate since Petitioner has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *See Rhines v. Weber*, 544 U.S. 269, 278.

The Court finds Petitioner had good cause for his failure to exhaust because he discovered the evidence after both of his state *habeas* petitions. ECF No. 34; ECF No. 39. Further, as Magistrate Judge Aboulhosn notes, there is also a timeliness concern regarding Petitioner's Section 2254 Petition. ECF No. 37. If the Court dismissed the petition at this time Petitioner likely could not bring the claim again in a federal court. ECF No. 37.

The Court also finds that Petitioner's claim is not plainly meritless. The evidence Petitioner provides implicates critical aspects of his conviction. Most notably, Petitioner's evidence suggests he did not intend to commit a robbery, which was the underlying offense of his felony murder conviction.

Finally, the Court finds that Petitioner was not engaging "in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. As Magistrate Judge Aboulhosn notes, Petitioner has diligently challenged his convictions at multiple stages and has indicated that he has only recently obtained the newly discovered evidence. ECF No. 37.

The Court finds Petitioner's claims meet the requisite standards for a stay and abeyance.

### C. Petitioner's Ineffective Assistance of Counsel Claims

Since the Court finds that Petitioner's newly discovered evidence claim is sufficient to warrant a stay and abeyance, there is no need to analyze whether Petitioner's ineffective assistance of counsel claims. Such an analysis would have no bearing on whether the Court grants a stay and abeyance. *See Dixon v. Baker*, 847 F.3d 714, 722-23 (9th Cir. 2017) (holding that since "at least one" of the petitioner's claims was not plainly meritless, a stay and abeyance was warranted).

### IV. CONCLUSION

As noted above, the Court **DENIES** Respondent's Objections (ECF No. 38) and—consistent with the factual allegations outlined in this Memorandum Opinion—**ADOPTS AND INCORPORATES HEREIN** the PF&R (ECF No. 37). Accordingly, the Court **GRANTS** Petitioner's Motion for Stay and Abeyance and Renewed Motion for Stay and Abeyance (ECF No. 13; ECF No. 32) and **REMOVES** this action from the Court's active docket until further order of the Court. The Court **STAYS** Petitioner's Section 2254 Petition (ECF No. 2), so that Petitioner may pursue his State court remedies for his unexhausted claims, and conditions the stay on

Petitioner pursuing his State court remedies within **sixty (60) days** of the date that the order to stay is entered. Further, the Court **ORDERS** Petitioner's Section 2254 Petition (ECF No. 2) be held in **ABEYANCE** pending exhaustion of State court remedies. The Court **DIRECTS** Petitioner to return to federal court within **forty-five (45) days** after he has exhausted his State court remedies and file a motion to lift the stay. The Court also **DIRECTS** Petitioner to inform the Court of his State court filing within **fourteen (14) days**. Further, the Court **DIRECTS** Respondent to inform the Court of the exhaustion of Petitioner's State court proceedings within **fourteen (14) days**. Consequently, Respondent's Motions to Dismiss and for Summary Judgment (ECF No. 27) are **DENIED as moot.**

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to Magistrate Judge Aboulhosn, counsel of record, and any unrepresented parties.

ENTER: September 13, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE